IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID C. BUCKALEW, et al., | § |
| Plaintiffs, | § |
| v. | § CIVIL ACTION NO. G-05-315 |
| CELANESE, LTD., et al., | § |
| Defendants. | § |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiffs sued Defendants Celanese, Ltd. and Celanese International Corporation (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and various state laws. Now before the Court comes Defendants' Motion to Transfer Venue to the Victoria Division of this District pursuant to the first-to-file rule. Defendants' Motion is respectfully **DENIED**.

I.    Background

Plaintiffs were employed at Defendant Celanese Ltd.'s facility in Bay City, Texas. Plaintiffs allege that Defendants failed to pay proper wages when they worked at the Bay City facility in violation of the FLSA. They also claim damages for breach of contract and fraud under Texas state law. They claim that Defendants failed to pay overtime wages and their posted hourly wage rate as part of an overarching scheme to deny compensation.

On May 15, 2003, prior to filing this lawsuit, attorney for Plaintiffs, Bobby D. Brown, filed a similar suit against Defendants on behalf of similarly situated plaintiffs in the Victoria Division of this District, in a case entitled *Conner, et al. v. Hoechst Celanese Chemical, Inc., et al.*, No. 6:03-cv-00054 ("*Conner* litigation"). The plaintiffs' claims in the *Conner* litigation arose from their

employment at Defendants' Bay City facility. Defendants claim that many of the allegations in the *Conner* litigation are nearly identical to the ones made in this case. That is, the alleged unlawful conduct arises from the same policies and procedures that were employed at the same Bay City plant.

Defendants argue that this lawsuit should be transferred to the Victoria Division pursuant to the first-to-file rule, which provides that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). Defendants admit that, but for the first-to-file rule, there is "no serious question as to the appropriateness of the Galveston Division as a venue for this lawsuit."[1]

II.     Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the

---

[1] Defendants also allege that counsel for Plaintiffs failed to inform this Court of the pending related litigation in the Victoria Division, and suggest that had this been done, this case would have automatically been assigned to the Victoria Division. Defendants provide no authority for this point other than Local Rule 5.3, which provides that "parties must advise the Court of current or recent litigation and of directly affected non-parties." S.D. Tx. Civ. R. 5.3. This argument is without merit. This case was filed in the Galveston Division and as such was properly assigned to the Galveston Division.

forum should be changed."). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

The first-to-file provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). *See Save Power Ltd.*, 121 F.3d at 950. The first-to-file rule is "grounded in principles of comity and sound judicial administration," which requires "courts of coordinate jurisdiction and equal rank [] to exercise care to avoid interference with each other's affairs." *Id.* (quoting *West Gulf*, 751 F.2d at 728). The crucial inquiry under the first-to-file rule is whether there is substantial overlap between the two cases. *See Save Power Ltd.*, 121 F.3d at 950–51. If the overlap between the two cases is less than complete, then the court making the determination whether to transfer the case should consider whether the cases would be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute. *Id.* (citing *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). The three primary concerns of the rule are: (1) to "avoid the waste of duplication;" (2) to "avoid rulings which may trench upon the authority of sister courts;" and (3) to "avoid piecemeal resolution of issues that call for a uniform result." *See Save Power Ltd.*, 121 F.3d at 950.

Other than the aforementioned factors, the Fifth Circuit has not clearly articulated what constitutes "substantial overlap." Complete identity of the parties and issues is not required, but the facts of *Save Power Ltd.* clearly indicate that the cases should be more than merely related to support a motion for transfer when venue is otherwise appropriate. To hold otherwise would frustrate the well-established rule that the plaintiff's choice of forum is generally entitled to great deference. *See*

*Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 672 (S.D. Tex. 2003).

In *Save Power Ltd.*, both the original lawsuit and the subsequently filed declaratory judgment action centered on the interpretation of a provision in the same subordination agreement. *Save Power Ltd.*, 121 F.3d at 948–49. In that case, one of the parties from the original lawsuit, while applications for temporary restraining orders and preliminary injunctions were pending in the original court, filed a separate declaratory judgment action in the same division, which was randomly assigned to a different judge within that division. *Id.* The moving party sought a declaratory judgment that it had a perfected security interest in the assets of the debtor that were superior to that of any third party, that it was entitled to foreclose on that security interest, and that an additional third party did not possess any standing or rights under the subordination agreement. *Id.* Those issues were also before the judge in the original court, and the judge in the subsequent court refused to transfer the declaratory judgment action back to the judge in the original court. The two judges reached contrary results on the same issue. The Fifth Circuit held that the denial of the motion to transfer the declaratory judgment action to the judge in the original action was an abuse of discretion. *Id.* at 949–50.

The first-to-file rule applies whether the related cases are pending before different judges in different divisions within a single district, or in two different districts. Once the subsequent court determines that the issues substantially overlap, it should transfer the case to the first-filed court for that court to determine the outcome of the second suit. *Cadle Co.*, 174 F.3d at 606.

III.    Analysis

    *A. Extent of the Overlap*

In this case, the overlap between the *Conner* litigation and this case is less than complete. First, the parties are not identical. Although the defendants are the same, the plaintiffs in this litigation are not parties to the *Conner* litigation. The first-to-file rule does not require identical parties, but

the fact that the parties are different cuts against an argument for substantial overlap. Second, the claims in the two cases are not identical. The *Conner* litigation includes claims of retaliation, intentional infliction of emotional distress, and harassment, which this lawsuit does not. Third, the *Conner* lawsuit was filed in 2003, and involves different periods of recovery than the lawsuit before this Court.

Finally, in *Save Power Ltd.* the subsequently filed cause of action arose out of the original cause of action. One of the creditors sought, in essence, to get a second opinion when it came to the priority determinations. That is not the case here. Plaintiffs in this case bear no relation (other than working at the same facility) to the plaintiffs in the *Conner* litigation, and they have their own independent causes of action.

### B. Likelihood of Conflict

Defendants have demonstrated that similar issues may arise in both this case and the *Conner* litigation. However, they have failed to show any substantial likelihood of conflicting rulings, as existed in *Save Power Ltd.* Furthermore, Defendants failed to show that if inconsistent rulings are issued, that problems and conflicts will arise. There is no evidence that a ruling in one of the causes of action will have any effect on the rulings of or outcome in the other cause of action. On the other hand, in *Save Power Ltd.* the nature of the two causes of action allowed for inconsistent creditor priority determinations by the judges that created a direct irreconcilable conflict. *See Save Power Ltd.*, 121 F.3d at 951. The two rulings created an impasse—there were two judges within the same division that issued contradictory rulings on an identical question. *Id.* The legal questions were of primary import in *Save Power Ltd.* Here, the law is relatively straightforward and most of the questions will be fact questions that will be left to a jury to determine.

### C. Comparative Advantage and Interest of Each Forum in Resolving the Dispute

The events giving rise to this lawsuit occurred within the Galveston Division. Defendants reside within the Galveston Division. All relevant records are located within the Galveston Division. As such, the citizens of Matagorda County have a local interest in adjudicating this dispute. In addition, this Court has an interest in resolving disputes brought before it in a timely and efficient manner, especially when those suits involve local citizens. Other that the *Conner* litigation, this lawsuit has no connection to the Victoria Division or to the docket of the presiding judge of the Victoria Division, the Honorable John Rainey. Therefore, this Court has the superior comparative interest in resolving this dispute, which weighs against transfer.

Judge Rainey may at this time have greater conceptual familiarity with the issues presented in this case as a result of the *Conner* litigation. However, the facts and issues presented in this case are not of such a nature that getting up to speed will be difficult or burdensome. Nor have Defendants shown any great advantage to the parties if this case were transferred to the Victoria Division. Defendants have not shown that the greater familiarity Judge Rainey may hold with respect to the facts and issues in his case warrants transfer. Indeed, the only significant question remaining is why *Conner* was filed in Victoria at all.

### D. Promotion of the Interests of Justice and Judicial Economy

Defendants offer little evidence that there are likely to be rulings issued by this Court that would "trench upon the authority" of its sister court in Victoria, or that transferring the lawsuit would "avoid piecemeal resolution of issues that call for a uniform result." *See Save Power Ltd.*, 121 F.3d at 950. If this Court were to transfer this case to the Victoria Division, it would be too late to consolidate the case with the *Conner* lawsuit, and as a result, no efficiencies would be made to promote judicial economy or avoid the waste of duplication. By waiting until the eve of trial in the *Conner* litigation to file a motion to transfer in this lawsuit, Defendants prevented any steps that might

have been taken to maximize or gain efficiency. Moreover, given the substantive distinctions between the two, Defendants argue an astonishing premise: that if they are sued in one kind of case in a particular forum, they must be sued there always, ever after. For instance, had they been sued in Victoria by one plaintiff in a personal injury case, all injured plaintiffs thereafter would be *required* to file in Victoria. This is a wholly unpersuasive argument.

IV.   Conclusion

For the above-stated reasons, Defendants' Motion to Transfer Venue is hereby **DENIED.** Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date. Rather, if Defendants want the suggested relief, they should more properly petition the Victoria Court to transfer its case here.

**IT IS SO ORDERED**.

**DONE** this 16th day of September, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge