IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID C. BUCKALEW, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-315 |
| § | |
| CELANESE LTD, et al., § | |
| § | |
| Defendants. § | |

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This litigation arises out of alleged violations of the Fair Labor Standards Act (FLSA). Now before the Court is Defendant Celanese, Ltd.'s and Defendant Celanese International Corporation's ("Defendants") Motion for Summary Judgment and Plaintiff David C. Buckalew's and his Co-Plaintiffs' ("Plaintiffs") Motion for Partial Summary Judgment. For the reasons outlined below, both motions are **DENIED**.[1]

### I. Background

Plaintiffs are or were employed as operators at a Bay City, Texas chemical plant owned by Celanese, Ltd. During the time period in which the events giving rise to this litigation occurred, Plaintiffs worked twelve-hour shifts. Their pay period consisted of two weeks; one week Plaintiffs worked three twelve-hour shifts ("Week 1"), and the next week Plaintiffs worked four twelve-hour shifts ("Week 2"). Consequently, Plaintiffs worked more than forty hours during Week 2.

Defendants claim that Plaintiffs were paid in accordance with Celanese, Ltd's twelve-hour

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

shift pay policy. Under said policy, employees working twelve-hour shifts were paid a twelve-hour rate for the first eight hours of each shift. Then, they were paid time-and-a-half calculated on the twelve-hour rate for the remaining four hours of the shift. Defendants contend that the extra pay for the four additional hours was premium pay, in accordance with section 7(e)(5) of the FLSA.[2] Additionally, Defendants claim that this premium pay can be offset against any hours worked in excess of forty hours a week in accordance with section 7(h) of the FLSA.[3] The policy Defendants offered as summary judgment evidence requires that any time worked in addition to the regular twelve-hour shifts be paid at time-and-a-half calculated from a higher eight-hour rate, which was allegedly the base rate of pay for employees who worked eight-hour shifts.

Plaintiffs claim that Celanese, Ltd. led them to believe they were being paid the straight eight-hour rate. This is the rate that was allegedly posted on company bulletin boards and listed as the Plaintiffs' rate of pay in their personnel files. The eight-hour rate is roughly the quotient of the amount Plaintiffs were paid per twelve-hour day divided by twelve. Plaintiffs claim that because they worked forty-eight hours in Week 2, they were entitled to eight hours of overtime calculated on the eight-hour rate they believed they were being paid. In addition to their FLSA claim, Plaintiffs are alleging breach of contract, fraudulent conduct, and fraudulent concealment.

## II. Analysis

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp.*

---

[2] An employee's "regular rate" does not include "extra compensation provided by a premium rate paid for certain hours worked . . . because such hours are hours worked in excess of eight in a day . . . ." Fair Labor Standards Act of 1938, 29 U.S.C. § 207(e)(5) (2000).

[3] "Extra compensation paid as described in paragraph[] (5) . . . shall be creditable toward overtime compensation payable pursuant to this section." *Id*. § 207(h)(2).

*v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Defendants first claim that Defendant Celanese International Corporation is not a proper party to this litigation because it does not employ Plaintiffs. Plaintiffs contend that Defendant Celanese International Corporation is Defendant Celanese, Ltd.'s general partner and therefore equally liable for contract claims against Celanese, Ltd. Neither Defendant nor Plaintiff has offered sufficient evidence to answer this question as a matter of law.

Defendants next claim that summary judgment should be granted in their favor in regard to Plaintiffs' FLSA claims; Plaintiffs claim, conversely, that summary judgment is proper in their favor on the same claim. As is evident from the above statement of facts, the record abounds with factual questions regarding the FLSA claims; thus, summary judgment is not appropriate. Likewise, neither Plaintiffs nor Defendants have offered sufficient summary judgment evidence regarding the claims arising under Texas law.

Finally, Defendants claim that most of Plaintiffs' claims are time-barred. Specifically, Defendants assert that the FLSA claims are mostly time-barred because Celanese, Ltd. changed its pay procedure in October 2003, and the FLSA has a statute of limitations of two years for ordinary violations. *See* Portal-to-Portal Act of 1947 § 6(a), 29 U.S.C. § 255(a) (2000). The statute of limitations is three years for willful violations. *Id.*; *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34, 108 S. Ct. 1677, 1681–82, 100 L. Ed. 2d 115 (1988) (reiterating the Court's definition of "willful" in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985) and holding that violations of the FLSA are "willful" if "the employer either

knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"). Generally, a continuing FLSA "cause of action accrues at each regular payday immediately following the work week in which the services were rendered . . . ." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 270–71 (5th Cir. 1987), *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987). The claim was filed on June 2, 2005; thus, Defendants allege that Plaintiffs' FLSA claims regarding pay procedures occurring before June 2, 2003 are untimely. Plaintiffs contend that the FLSA violations were willful and that they are consequently able to seek FLSA damages back to June 2, 2002. Because the record contains questions of fact regarding the alleged FLSA violations, any determination regarding the willfullness of such violations is best left to the finder of fact.

Next, Defendants claim all of Plaintiffs' state law claims are time-barred because (1) the statute of limitations for breach of contract and fraud claims in Texas is four years; and (2) the statute for each Plaintiff's claims under Texas law began to run as soon as the alleged contract was breached. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (Vernon 2002) (defining the statute of limitations for fraud claims as four years); *id.* § 16.051 (setting the limitations period for causes of action not otherwise defined—and thus general breach of contract claims—as four years); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) ("It is well-settled law that a breach of contract claim accrues when the contract is breached."). Defendants claim the receipt of the first paycheck provided sufficient facts to place Plaintiffs on notice regarding Celanese, Ltd.'s alleged failure to pay overtime on the eight-hour rate. Therefore, Defendants argue that the statute began to run as soon as each Plaintiff received his or her first paycheck. Plaintiffs assert that (1) the paystubs did not provide notice that Defendants were not paying Plaintiffs the eight-hour rate; and (2) even if the paystubs did provide sufficient notice, the cause of action did not accrue until the receipt of each paycheck.

Whether the paystubs provided sufficient notice is a question of fact.

Plaintiffs buttress their arguments that their claims are not time-barred by claiming Defendants fraudulently concealed their wrongful conduct and are thus estopped from relying on the statute of limitations as an affirmative defense. *See Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983) ("[T]he defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence." (citing *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 809 (Tex. 1979)). The issue of estoppel hinges on whether Defendants fraudulently concealed wrongful conduct and the extent of diligence exercised by Plaintiffs in ascertaining whether Defendants were fraudulently concealing wrongful conduct. *See id.* Both are questions of fact.

### III.  Conclusions

Because the profuse record for this litigation is sufficiently suffused with factual nuances best left for the trier of fact, Defendants' Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment are **DENIED**. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 27th day of September, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge